U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
OCT 29 2026
AT ____ O'CLOCK ____
John M. Domurad, Clerk - Syracuse

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. 5:26-CR- 342 ( ECC) |
| | ) |
| **v.** | ) **Indictment** |
| | ) |
| **LISA MAIURA,** | ) Violation: 18 U.S.C. § 152(3) [False Bankruptcy Declaration] |
| **Defendant.** | ) |
| | ) 18 U.S.C. § 152(2) [False Statements Under Oath] |
| | ) |
| | ) 3 Counts & Forfeiture Allegation |
| | ) |
| | ) County of Offense: Onondaga |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**[False Bankruptcy Declaration]**

On or about May 29, 2024, in Onondaga County in the Northern District of New York, the defendant, **LISA MAIURA**, in a declaration and statement made under penalty of perjury as permitted under 28 U.S.C. §1746, in and in relation to a bankruptcy case under Title 11 of the United States Code, specifically, the case of *In re Lisa M. Maiura*, No. 24-30447 (Bankr. N.D.N.Y.), did knowingly and fraudulently make a false material declaration and statement, that is, in responding to Question #33 of Schedule A/B (Official Form 106A/B), which was attached to a Voluntary Petition for Individuals Filing for Bankruptcy (Official Form 101), filed with the United States Bankruptcy Court for the Northern District of New York, **MAIURA** falsely and fraudulently stated that she had a potential third-party claim against Norton LifeLock based on Norton LifeLock's alleged failure to cover **MAIURA**'s losses related to two loans **MAIURA** claimed she "had no knowledge or involvement with," when as **MAIURA** then well knew, the

statement was false and fraudulent because **MAIURA** had personally applied for the two loans referenced in Question #33, in violation of 18 U.S.C. § 152(3).

**COUNTS 2-3**
**[False Statements Under Oath]**

On or about April 11, 2025, in Onondaga County in the Northern District of New York, and elsewhere, the defendant, **LISA MAIURA**, knowingly and fraudulently made a false material oath and account in and in relation to a case under Title 11 of the United States Code, that is, *In re Lisa M. Maiura*, No. 24-30447 (Bankr. N.D.N.Y.), by falsely testifying under oath at a deposition before the case trustee, as follows, each false statement constituting a separate count:

| Count | False and Fraudulent Statements |
|---|---|
| 2 | That **MAIURA** had not received, endorsed, or deposited a check in the amount of $20,000, the proceeds of a loan from Pentagon Federal Credit Union, when as **MAIURA** then well knew, she had received, endorsed, and deposited the check into her Americu Bank account, with an account number ending in 5496. |
| 3 | That **MAIURA** had not participated in a recorded verbal verification phone call as part of a loan application with Banker's Healthcare Group, LLC ("BHG"), when as **MAIURA** then well knew, she had participated in a recorded verbal verification phone call as part of a loan application with BHG. |

All in violation of 18 U.S.C. § 152(2).

**FORFEITURE ALLEGATION**

The allegations contained in Counts 1 through 3 of this indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) by 28 U.S.C. § 2461(c).

Upon conviction of an offense in violation of 18 U.S.C. § 152 as set forth in Counts 1 through 3, the defendant, **LISA MAIURA,** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) by 28 U.S.C. § 2461(c), any property, real and personal, constituting and derived from proceeds traceable to the offense, including, but not limited to:

(1) A money judgment in the amount of $98,995.00.

**Substitute Assets**

If any of the property described in the Forfeiture Allegation above, as a result of any act or omission of the defendant, either: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e).

Dated: October 29, 2026

A TRUE BILL,

[redacted]

Grand Jury Foreperson

** Grand Jury Foreperson Name Redacted **

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: ______________________

Benjamin A. Gillis
Assistant United States Attorney
Bar Roll No. 704915